BELGUS REALTY CORPORATION, Respondent, *v.* BEATRICE IROM and Another, as Executrix of the Estate of ABRAHAM ZADEK, Deceased, Defendants.

HENRIETTA ZADEK, as Executrix, etc., Appellant.

Supreme Court, Appellate Term, First Department, November 17, 1925.

**Landlord and tenant — lease — action by tenant to recover deposit under lease containing covenant requiring tenant to make such necessary repairs as would keep building in good condition — refusal to permit landlord to show character and extent of disrepair under counterclaim for damages for tenant's failure to comply with said covenant reversible error.**

In an action by a tenant to recover a deposit under a lease containing a covenant requiring said tenant to make such necessary repairs as would keep the demised premises in good order and repair, it was reversible error to refuse the landlord an opportunity to show the character and·extent of the repairs to which said defendants had been put in order to establish their counterclaim for damages for the tenant's failure to comply with the covenant to repair, upon the ground that the landlord must first show the condition of the buildings at the beginning of the term.

APPEAL by defendant, Henrietta Zadek, from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff, and dismissing defendants' counterclaim, after a trial before a judge without a jury.

*Miller, Bretzfelder & Boardman* [*Bertram Boardman* of counsel], for the appellant.

*Wechsler & Kohn* [*Harry L. Sitomer* and *William Sadoff* of counsel], for the respondent.

PER CURIAM:

This action was brought by the tenant to recover a deposit under a lease. The defendants, landlords, counterclaimed for the damages for the tenant's failure to comply with the covenant of repair, reading as follows: " the tenant shall keep the demised premises and appurtenances in good order and repair; and shall take good care of the demised premises and appurtenances, and

shall keep and maintain the same, both inside and outside, and all fixtures and personal property appurtenant thereto or used in connection therewith, or in the operation and use thereof, in good and thorough repair at his, the tenant's, own cost and expense, and at the end or other expiration of the term, shall deliver up the demised premises in good order and condition, reasonable wear and tear and damages by the elements excepted."

The learned trial court excluded a number of questions by defendants' counsel directed to the cost of repairing the premises on the ground that defendants must first show the condition of the buildings at the beginning of the term.

We are of opinion that the clause quoted from the lease in the case at bar should be construed as a covenant to make such necessary repairs as would keep the building in good order and in good condition in accordance with its age and type. Moreover, the character and extent of the disrepair to which defendants did testify were such as to indicate that the tenants were under obligation to correct the same regardless of the condition of the premises at the inception of the lease.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.